UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                            No. 20-CR-01903 MV

JOSE PENA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the government's Fourth Motion *in Limine* to Admit and Publish Child Pornography Exhibits ["CSAM Exhibits MIL"]. Doc. 59. Mr. Pena filed a response to the government's motions *in limine* [Doc. 68], and the government filed a reply [Doc. 76]. On April 19, 2022, Mr. Pena filed a notice withdrawing his opposition to the CSAM Exhibits MIL. Doc. 111. Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the CSAM Exhibits MIL is **GRANTED IN PART**.

**BACKGROUND**

Mr. Pena was charged by indictment on October 16, 2020 on eight counts of Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256. Doc. 1. On June 9, 2021, a Superseding Indictment was filed, charging Mr. Pena with one count of Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), as well as eight counts of Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256. Doc. 32. On April 13, 2022, a Second Superseding Indictment was filed charging Mr. Pena with one count of Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and two counts of Production of Visual

1

Depictions of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256.  Doc. 103.

## DISCUSSION

In the CSAM Exhibits MIL, the government moves the Court for an order allowing the government "to (1) admit into evidence several videos of child sexual abuse material ('CSAM') that Defendant produced depicting Jane Doe, and (2) publish limited portions of the videos to the jury." *Id.* at 1.  The government alleges that, in total, Mr. Pena produced eight videos consisting of approximately 18 minutes and 38 seconds depicting sexual contact with Jane Doe.  *Id.* However, the government only seeks to "publish select clips and still shots to the jury." *Id.* at 5. The government argues that it "has broad discretion to choose what evidence to present and how to present it," since it must carry the burden of proof at trial. *Id.* at 2–3 (citing *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997)).  Thus, also although "CSAM is, by its nature highly incriminating," the government argues that it is not unfairly prejudicial to present CSAM in order to meet its burden, particularly as the presentation of short representative clips and stills will "serve to limit any danger of undue prejudice." *Id.* at 3.

In his response, Mr. Pena argued that the government sought to admit cumulative evidence of the same event.  Doc. 68 at 16.  As such, Mr. Pena argued that "a representative sample of the entire video is sufficient" to establish identity and argued that anything more would likely confuse the issues and cause unfair prejudice by inflaming the jury, in violation of [Federal] Rule [of Evidence] 403.  *Id.*

In his April 19, 2022 notice, however, Mr. Pena provides that "parties have conferred regarding the exhibits allegedly containing child pornography and the government has agreed to move for the admission and publication only of certain agreed-upon video segments and still

photographs." Doc. 111 at 1. Thus, "assuming appropriate foundation and authentication prior to admission," Mr. Pena withdraws his opposition "to the admission and publication of those agreed-upon exhibits." *Id.* Specifically, Mr. Pena withdraws his opposition "on the grounds previously raised: that the evidence would be cumulative, and therefore unfairly prejudicial, confusing, and misleading in violation of Fed. R. Evid. 403." *Id.*

Finally, the Court addresses the government's inconsistent language regarding what it seeks to admit versus what it seeks to publish. For example, the government states:

> The United States does not intend to *publish* to the jury the full length of the videos created by Defendant. Instead, the United States seeks to *admit* a small sample of each video, along will [sic] still photograph(s) from each for identification purposes. Following admission of a disc containing the videos in their entirety, the United States will request *publication* of [select] clip[s] and still image(s) . . . .

Doc. 59 at 1–2 (emphasis added). To clarify the government's objective, the Court looks to the opening and closing of the CSAM Exhibits MIL. The opening sentence states that the government seeks "to (1) admit into evidence several videos of child sexual abuse material . . ., and (2) publish limited portions of the videos to the jury." *Id.* at 1. The closing sentence states that the government seeks the "right to admit into evidence the videos containing child pornography and publish select clips and still shots to the jury." *Id.* at 5. Given that the majority of the CSAM Exhibits MIL seeks full, rather than limited admission, of the videos, the Court interprets the CSAM Exhibits MIL to seek admission of all videos in their entirety, rather than a request "to admit a small sample of each video." *Id.* at 1. Further, the Court interprets Mr. Pena's filings to construe the government's motion *in limine* in the same manner. *See* Docs. 68, 111.

With this construction, the Court will grant in part the CSAM Exhibits MIL. Provided the government lays the appropriate foundation, the Court will admit into evidence the entirety of the videos that allegedly depict sexual contact between Mr. Pena and Jane Doe and will allow the

government to publish limited portions of these videos. Should Mr. Pena have a different interpretation of the government's CSAM Exhibits MIL, he may renew his objections to the admission of these videos.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the CSAM Exhibits MIL is **GRANTED IN PART**, consistent with this Memorandum Opinion and Order.

ENTERED this 20th day of April 2022.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE